**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth D. Miller,<br><br>          Petitioner,<br><br>vs.<br><br>Dora B. Schriro; et al.,<br><br>          Respondents. | No. CIV 07-1848-PHX-PGR (GEE)<br><br>**REPORT AND RECOMMENDATION** |

On September 27, 2007, Kenneth Miller, an inmate confined in the Arizona State Prison Complex in Kingman, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. [doc. #1] Before the court are the petition, the respondents' answer and Miller's traverse.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the petition on the merits.

Summary of the Case

Miller pleaded guilty in Maricopa County Superior Court in three separate prosecutions for "aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs," a class 4 felony with two prior felony convictions. (Respondents' answer, p.

2.) The three cases were consolidated for sentencing purposes. *Id.* On May 6, 2005, the trial court imposed two sentences of 10 years' imprisonment and one sentence of 4 years' imprisonment followed by 5 years probation. *Id.* All sentences were to run concurrent. *Id.*

Miller filed a timely notice of post-conviction relief. (Respondents' answer, p. 2.) When appointed counsel was unable to find any colorable issues, Miller filed his own petition pro per. *Id.* The trial court denied the petition on May 18, 2005. *Id.*

On June 27, 2006, Miller sought review in the court of appeals. (Respondents' answer, p. 3.) Unfortunately, he titled his brief a "notice of appeal" rather than a "petition for review." (Respondents' answer, Exhibit T.) Mechanically applying the rules, the court of appeals dismissed the "notice of appeal" as untimely without recognizing that Miller was timely requesting review of the trial court's order denying his petition for post-conviction relief. *Id.*

Miller then filed a special action with the Arizona Supreme Court, which declined jurisdiction explaining a special action should first be filed with the court of appeals. (Respondents' answer, p. 3.). Miller returned to the court of appeals and filed his special action. *Id.* The court of appeals reconsidered its earlier decision and decided Miller had been diligently seeking his right to review. *Id.* The court dismissed his petition for exceeding the page limits and set a briefing schedule. *Id.*

In his subsequent petition, Miller argued his sentence for driving while under the influence, in violation of A.R.S. § 28-1383, should not have been enhanced by A.R.S. § 13-604 citing, inter alia, *Leocal v. Ashcroft*, 543 U.S. 1 (2004). (Respondents' answer, Exhibit U.) Onto this claim, he piggybacked a claim that the prosecution improperly used this enhancement to induce his guilty plea and a claim that his defense counsel was ineffective for failing to recognize that this enhancement was improper. *Id.* On December 8, 2006, Miller filed a "Judicial Notice" in the court of appeals complaining that his special action petition was improperly "backdated." (Respondents' answer, Exhibit W.)

On September 19, 2007, the court of appeals denied review. (Respondents' answer, p. 4.)

On September 27, 2007, Miller filed the instant petition for writ of habeas corpus. He claims (1) his sentence enhancement pursuant to A.R.S. § 13-604 violates federal law pursuant to *Leocal v. Ashcroft*, 543 U.S. 1 (2004) and the state's reliance on this enhancement provision during plea negotiations was prosecutorial misconduct, (2) the court of appeals improperly backdated official documents, and (3) the use of his prior convictions to enhance his sentence violates double jeopardy. (Petition.); (Traverse.) The respondents concede the petition is timely. They nevertheless argue his three claims are procedural defaulted. In the alternative, they argue the court should deny the petition on the merits.

Discussion

The writ of habeas corpus affords relief to prisoners in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. If the petitioner is in custody pursuant to the judgment of a state court, the writ shall not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of her case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* "It is not enough that our independent review of the legal question leaves us with a firm conviction that the state court decision was erroneous." *Id.*

Federal review is limited to those issues that have already been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In other words, the state courts must be apprised of the legal issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal bases. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), as modified 247 F.3d 904 (9th Cir. 2001); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and should ordinarily be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir.1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir.2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.* A claim

- 4 -

that is procedurally defaulted must be denied unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir.1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

In his first ground for relief, Miller argues his sentence enhancement pursuant to A.R.S. § 13-604 violates federal law in accordance with *Leocal v. Ashcroft*, 543 U.S. 1 (2004). He further argues the state's reliance on this enhancement provision during plea negotiations was prosecutorial misconduct. It appears these issues were presented to the court of appeals, at least in some form. (Respondents' answer, Exhibit U.) Miller has therefore exhausted this claim. Nevertheless, Miller is not entitled to relief. *Leocal* does not apply to the state's sentencing scheme.

Miller was convicted of aggravated driving while under the influence in violation of A.R.S. § 28-1383(A)(1), a class 4 felony. He was sentenced, however, in accordance with A.R.S. § 13-604, which creates an enhanced sentencing scheme for "dangerous and repetitive offenders." Specifically, section 13-604(C) provides for an enhanced sentence if the defendant commits a class 4 felony with "two or more historical prior felony convictions."

Miller argues the enhanced sentencing scheme does not apply to DUI convictions because the Supreme Court in *Leocal* held that a DUI is not a dangerous offense, and the enhancement statute applies only to dangerous offenders. Miller is incorrect.

In *Leocal*, the Supreme Court considered whether a lawful permanent resident convicted of driving under the influence of alcohol (DUI) in Florida state court may be deported because a DUI is a "crime of violence" under 18 U.S.C. § 16 and therefore an "aggravated felony" under the Immigration and Nationality Act. *Leocal v. Ashcroft*, 543 U.S. 1 (2004) The Court analyzed the text of 18 U.S.C. §§ 16(a,b) and concluded the offense of DUI is not a "crime of violence" as defined in that statute. *Id.*

Miller argues A.R.S. § 13-604 cannot be used to enhance his sentence because this enhancement provision only applies, as the title says, to "dangerous and repetitive offenders."

- 5 -

He, on the other hand, was convicted of DUI, and a DUI is not a "dangerous offense" according to the Supreme Court. *Leocal*, however, cannot be extended in the manner advanced by Miller.

The Court's holding in *Leocal* is a specific analysis of a particular federal statute. In that case, the Supreme Court held a DUI is not a "crime of violence" as that term is defined by 18 U.S.C. § 16. The Court's holding cannot be extended to mean a DUI is not a "dangerous offense" for the purpose of A.R.S. § 13-604. The term "dangerous offense" as it is used in the Arizona Revised Statutes is not defined with reference to 18 U.S.C. § 16 or any other federal statute. *Leocal* does not apply here.

Miller's sentencing does not violate federal law pursuant to *Leocal*. Accordingly, the state's reliance on section 13-604 during plea negotiations was not prosecutorial misconduct.

In his second ground for relief, Miller claims the court of appeals violated his Sixth Amendment rights by "backdating official documents." This claim was raised in some form in his "Judicial Notice" filed in the court of appeals on December 13, 2006. It is, however, difficult to ascertain whether or not the claim raised in the instant petition is the same one raised in the "Judicial Notice" because the claim is so vague. In his petition, Miller simply asserts the court of appeals has "committed ethical and criminal violations by back dating official documents." He does not provide enough details of his claim for the court to understand it. Assuming this claim was exhausted, it should be denied on the merits.

In his "Judicial Notice," Miller informed the court of appeals that his petition for special action was mailed on August 17, 2006 and received by the court on August 22, 2006. (Respondents' answer, Exhibit W.) It appears the court of appeals filed the document on August 17, 2006, applying the prisoner mailbox rule. (Respondents' answer, Exhibit T.); *State v. Goracke*, 210 Ariz. 20, 22, 106 P.3d 1035, 1037 (Ariz. App. 2005) ("The prisoner mailbox rule, as applied to appeals, is that a pro se prisoner is deemed to have filed his notice of appeal at the time it is delivered, properly addressed, to the proper prison authorities to be forwarded to the clerk of the superior court.").

In his notice, Miller asserted that something about this process violated A.R.S. § 1-218(A) ("Any report . . . other than petitions or notices of appeal . . . which is deposited, properly addressed . . . shall be deemed filed and received by the addressee on the date shown by the postmark . . .") and A.R.S. § 12-120.05 ("The court of appeals shall have a seal which shall be kept by the clerk of each division."). *Id.* Assuming this is the claim he is attempting to raise in the instant petition, he is not entitled to relief. Habeas corpus does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

Miller further argues something about this process caused a delay in the adjudication of his petition for review. There is, however, no evidence that this file date prejudiced the adjudication of his petition. This claim should be denied.

In his third ground for relief, Miller argues his sentence enhancement violates the Double Jeopardy Clause. It does not appear this issue was raised before the court of appeals. (Respondents' answer, Exhibit U.) Accordingly, this issue has not been exhausted. Nevertheless, in the interests of judicial economy, this claim should be denied on the merits. *See* 28 U.S.C. § 2254 (b)(2). Miller has not raised a colorable claim to relief. *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005), *cert. denied*, 546 U.S. 1172 (2006).

"The Double Jeopardy Clause protects against the actual imposition of two punishments for the same offense." *United States v. Kaluna*, 192 F.3d 1188, 1198 (9th Cir. 1999), *cert. denied*, 529 U.S. 1056 (2000) (citing *Witte v. United States*, 515 U.S. 389 (1995)) (punctuation removed). Recidivism statutes increase the penalty for a crime based on the fact of a prior conviction. These statutes do not violate double jeopardy, however, because "the enhanced punishment imposed for the later offense is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes, but instead as a stiffened penalty for the latest crime . . . ." *Id.* Accordingly, Arizona's recidivism statue, A.R.S. § 13-604, does not violate the Double Jeopardy Clause.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition for Writ of Habeas Corpus. [#1]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 23rd day of April, 2008.

_____
Glenda E. Edmonds
United States Magistrate Judge